IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21 C 04160 |
| | ) | |
| ROBERT HALF, | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

For the reasons set forth in the Statement below, the defendant's motion to dismiss [14] is denied. All matters pertaining to discovery are referred to the assigned Magistrate Judge, who is also authorized to conduct any settlement conferences the parties may jointly request.

**STATEMENT**

While applying for a position with Robert Half International Inc., Jacqueline Gibson disclosed that she was pregnant. Robert Half employees had contacted her about a position, but Gibson alleges that those communications stopped after her disclosure. She also alleges that following her disclosure of her pregnancy, Robert Half did not interview her for a second position, sent her information about another position that she was overqualified for, and then stopped sending her additional information about available positions for months. Gibson lodged an EEOC complaint and filed a pro se complaint after obtaining a right-to-sue letter from the Equal Employment Opportunity Commission. She filed her complaint using the Court's "Complaint for Violation of Constitutional Rights" form, which she supplemented with a detailed fact narrative that also invoked her rights under the Pregnancy Discrimination Act under Title VII and under the Illinois Human Rights Act. She also included her EEOC right-to-sue letter. Robert Half moved to dismiss pursuant to Rule 12(b)(6). It argues that because Robert Half is not a state actor and Gibson did not allege a conspiracy or failure to protect her from a conspiracy, Robert Half could not be liable for counts under 42 U.S.C. §§ 1983, 1985, and 1986. It argues that Gibson sued "under the wrong laws" and must file another complaint if she wishes to pursue statutory legal theories.

Robert Half is incorrect. Under Rule 12(b)(6), district courts may dismiss claims, not legal theories. A "claim for relief" constitutes a right "to a legal remedy for injuries arising from a single set of operative facts." *Mannes v. Ford Motor Co., Inc.*, No. 13 C 07381, 2014 WL 7332616, at *2 (N.D. Ill. Dec. 22, 2014) (citing *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 399 (7th Cir. 2012)). Multiple legal theories may support one claim, *Sojka*, 686 F.3d at 399, and there is no requirement that the complaint identify the legal theories on which a claim for relief may rest. *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) ("[T]he complaint need not identify a legal theory, and specifying an incorrect theory is not fatal."); *see also, e.g., Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) ("Federal pleading rules . . . do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim

asserted."). Legal theories can be identified in discovery. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("[W]e have stated repeatedly (and frequently) that a complaint need not plead legal theories, which can be learned during discovery.") At this stage of the proceedings "the question . . . is simply whether the complaint includes factual allegations that state a plausible claim for relief." *BBL, Inc., v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015).

Gibson's complaint includes a set of operative facts that state a plausible claim for relief. Whether her factual allegations are construed as one claim or four claims, Gibson has alleged that Robert Half discriminated against her in the hiring process because of her sex and pregnancy. Those allegations of differential treatment based on her pregnancy plausibly state a claim that could be supported by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2, or the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k). As a result, this Court does not need to reach Robert Half's arguments that 42 U.S.C. §§ 1983, 1985, and 1986 do not support her claim. The form she used to file her pleading is of no consequence; it does not matter which legal theory supports her claim for relief if she pleaded a claim that could be supported by some legal theory. And she has. At the motion to dismiss stage, no more is required.

\*   \*   \*

For the reasons stated above, Robert Half's motion to dismiss [14] is denied.

Dated: October 14, 2021

John J. Tharp, Jr.
United States District Judge